977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rolly O. KINNELL, Plaintiff-Appellant,
v.
Robert STEPHAN, Attorney General; Joan Finney, Governor;
Parole Board, State of Kansas, Defendants-Appellees.
 No. 92-3066.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Rolly O. Kinnell alleges in his complaint filed under 42 U.S.C. § 1983 that, in setting conditions on his conditional release from state custody, the Kansas state parole board wrongfully imposed law enacted after the date he was sentenced; that he was sent to a mental institution without due process; and that he was institutionalized and forcibly medicated as a result of his exercising his first amendment rights. The district court ordered Defendants to file a Martinez report responding to Plaintiff's allegations, which Defendants did on January 15, 1992. Finding no factual or legal basis for the complaint, the district court on February 24, 1992, dismissed it as legally frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 3
 Presently before us is Plaintiff's motion for leave to proceed on appeal in forma pauperis and for a certificate of probable cause. We construe Plaintiff's pro se complaint liberally as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). We grant Plaintiff's motion and affirm the district court's order.
 
 
 4
 Plaintiff alleges that pursuant to the version of Kan.Stat.Ann. § 22-3718 in effect in 1991, the state parole board required that he serve "two years of intensive supervised parole." He contends that under the version of the statute in effect in 1977, when he was sentenced, he would have been subject to only one year of parole without supervision.
 
 
 5
 However, the two versions of the statute are virtually identical in relevant respects. The 1977 version stated that:
 
 
 6
 A prisoner who has served his maximum term or terms, less such work and good behavior credits as have been earned, shall, upon release, be subject to such written rules and conditions as the board may impose, until the expiration of the maximum term or terms for which he was sentenced or until he is otherwise discharged.
 
 
 7
 Kan.Stat.Ann. § 22-3718 (1971 Supp.). The only substantive changes in the version in effect in 1991 were provisions for restitution to be paid by the inmate and notice of the inmate's release to the victim, matters not at issue here. See Kan.Stat.Ann. § 22-3718 (1988). We therefore reject Plaintiff's contention that he was improperly subjected to the wrong law.
 
 
 8
 Plaintiff also claims that prior to his being sent to a mental institution, he was not afforded a hearing and that his due process rights were thereby violated. This claim is without merit because Plaintiff did have a hearing at which he was represented by counsel. His contention that he was institutionalized and forcibly medicated as a result of his exercising his first amendment rights has previously been addressed and rejected. Kinnell v. Hutches, No. 91-3293 (10th Cir. Apr. 29, 1992) (Order and Judgment).
 
 
 9
 On appeal, Plaintiff also alleges that the Martinez report was improper because it was not prepared by one of the named Defendants, that he was improperly denied leave to supplement his complaint after the state filed the Martinez report, and that he was entitled to the appointment of counsel and to full discovery. We find these allegations to be unpersuasive and reject them.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 12
 ---------------
 
 
 
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.